UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM PANTOJA, | CASE NO. C25-2440JLR |
| Petitioner, | ORDER |
| v. | |
| PAMELA BONDI, et al., | |
| Respondents. | |

Before the court is Petitioner William Pantoja's motion for a temporary restraining order ("TRO"). (TRO Mot. (Dkt. # 10).) The court GRANTS temporary relief to preserve the status quo pending the resolution of Mr. Pantoja's TRO motion.

On December 2, 2025, Mr. Pantoja, a Cuban national, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks release from immigration custody because removal to Cuba, his former country of residence, is not reasonably foreseeable. (Petition (Dkt. # 1).) On December 3, 2025, the court granted Mr. Pantoja's unopposed motion to set a briefing schedule on his petition. (12/3/25 Order (Dkt. # 5).)

ORDER - 1

The court ordered Respondents to file a response to the petition by no later than December 17, 2025, and granted Mr. Pantoja leave to file a reply by no later than December 22, 2025. (*Id.*) The court further ordered that, while Mr. Pantoja's petition remains pending, Respondents "shall not remove Petitioner from the United States or transfer Petitioner to another facility without providing Petitioner's counsel with at least 48 hours' notice of the removal or transfer." (*Id.*) Respondents timely filed their response to Mr. Pantoja's petition on December 17, 2025. (Resp. (Dkt. # 7).)

Mr. Pantoja filed the instant motion for a TRO on December 18, 2025. (*See generally* TRO Mot.) Mr. Pantoja states that he learned on December 17, 2025, that United States Immigration and Customs Enforcement ("ICE") "was actively seeking to remove [him] to Mexico within 48 hours." (*Id.* at 2; *see id.*, Ex. 1 (email from counsel for Respondents to Mr. Pantoja's attorney providing 48-hour notice of Mr. Pantoja's removal to Mexico); *see also* Benjamin Decl. (Dkt. # 8) (stating that USCIS determined that Mr. Pantoja "did not establish that it was more likely than not he would be persecuted or tortured in Mexico" and that the Office of Enforcement and Removal Operations "expects that [Mr. Pantoja] will be removed to Mexico by this weekend, December 20, 2025").) Mr. Pantoja represents that he has no ties to Mexico and has, in the past, refused to be removed to Mexico. (TRO Mot. at 2.) He asks the court to grant his motion for a TRO and "(a) to order [his] immediate release from custody while this case is litigated; (b) to bar Respondents from removing [him] to any third country because Respondents' third-country removal program is punitive; and (c) to bar

ORDER - 2

1  Respondents from removing [him] to a third country without notice and meaningful

2  opportunity to respond[.]" (*Id.* at 15-16.)

3       The court may grant a TRO to preserve its jurisdiction and to maintain the status

4  quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (noting that federal courts have "the

5  power to issue injunctive relief to prevent irreparable harm to the applicants and to

6  preserve [] jurisdiction over the matter"). Accordingly, the court orders as follows:

7      1.    Mr. Pantoja's motion for a TRO (Dkt. # 10) is provisionally GRANTED

8  pending Respondents' response to the motion. This grant is solely for the purpose of

9  maintaining the status quo so that the court may review the merits of the motion after full

10 briefing.

11     2.    Respondents are PROHIBITED from removing Mr. Pantoja from the

12 Northwest Immigrant Processing Center and the state of Washington pending the

13 resolution of Mr. Pantoja's motion for a TRO.

14     3.    Counsel for Mr. Pantoja and Respondents are ORDERED to meet and

15 confer on (1) a briefing schedule for the motion for a TRO and (2) whether Respondents

16 will agree to a stipulated order to not remove Mr. Pantoja from the United States and to

17 not transfer Mr. Pantoja to another facility during the pendency of this action.

18     4.    If the parties agree on a briefing schedule, they SHALL file a stipulated

19 proposed briefing schedule, along with any other stipulations that the parties may agree

20 on for the pendency of this case. If the parties cannot reach agreement on a briefing

21 //

22 //

ORDER - 3

schedule, Respondents SHALL respond to the motion for a TRO on the schedule set by Local Civil Rule 65.  *See* Local Rules W.D. Wash. LCR 65(b)(6).

Dated this 18th day of December, 2025.

JAMES L. ROBART
United States District Judge